HIRAM W. VINING, PRO AMI

*vs.*

AMOS D. BRIDGES SONS CO., INCORPORATED.

Franklin County.  Decided July 18, 1928. In 1926 the defendant was engaged in building a state road in the town of Strong near the house owned by Elbridge Vining and occupied by himself with his son and the plaintiff, his grandson. In the prosecution of the road building work, a large tool chest was used which was moved on as the work progressed. A few days before the accident, without the express consent of the land owner, but apparently without objection, the chest was placed in the yard of the Vining house. Among the contents of the chest was a tin box containing dynamite caps. The box was marked "blasting caps." On August 18, 1926, the plaintiff, a lad then thirteen years of age, went to the chest, found the box of caps, took one out, carried it to the back of the house, held it with his fingers and applied a lighted match to it. The explosion caused severe injuries to the boy's hand. In this suit to recover damages for such injuries the presiding Justice ordered a verdict for the defendant. The ruling must be sustained.

Assuming that the defendants were guilty of a technical trespass upon the Vining land, neither such trespass nor any negligence on the part of the defendant's servants but rather the boy's own rash act was the proximate cause of the accident.

That boys will indulge in their propensity to climb shade trees should be anticipated by electric power companies on stringing

their high voltage wires. So held by this Court in *Chickering* v. *Power Company*, 118 Me., 415, relied upon by the plaintiff's counsel. But it would be utterly unreasonable to hold that the defendant was bound to anticipate the plaintiff's rash and mischievous conduct and the consequences of it.

In the Chickering case it is said that tree climbing is one of "boyhood's legitimate pleasures and adventures." Filching dynamite caps and exploding them in his hand is not one of a boy's legitimate pleasures and adventures. *Chickering* v. *Power Company* does not support the plaintiff's case. The other authorities cited differ from it even more widely. Exceptions overruled. *Frank A. Morey*, for plaintiff. *Oakes & Farnum*, for defendant.